## AARON ZECKENDORF AND LOUIS ZECKENDORF *v.* JOHN S. HUTCHISON.

SALE OF MINING CLAIM BEFORE PERFECTING TITLE.—In case of a sale of a mining claim within twelve months after its location and before perfecting title thereto by sinking a shaft therein, as required by section 4 of the Revised Statutes, the purchaser acquires only a contingent right, and his claim can only be made valid by complying with the requirements of said section within a year from the original location.

COMPLIANCE WITH REQUIREMENT TO COMPLETE CLAIM NOT PRESUMED.—In a bill filed by a purchaser of a mining claim more than a year after the location to restrain other persons from taking mineral therefrom, compliance with the steps required to perfect title to such claim must be alleged, and will not be presumed, being in the nature of conditions precedent.

SINKING SHAFT ON ONE OF SEVERAL MINING CLAIMS, NOT SUFFICIENT.— Where a number of persons locate one thousand five hundred feet of mineral land in a body, but not as a company, but divide the same into various claims which they hold in severalty, the sinking of a single shaft on one of those claims is not sufficient to perfect title to the whole.

PROBATE JUDGE'S CERTIFICATE OF LOCATION OF MINING CLAIM.—A probate judge's certificate, under the statute, as to the location of a mining claim, and that the requirements of the law have been complied with, is not conclusive evidence of such compliance, as he acts in such a case in a ministerial capacity.

ACT OF MINISTERIAL OFFICER NOT CONCLUSIVE EVIDENCE.—Where one acts in a ministerial capacity under a positive statute, his act is not conclusive as to any matter essential to the performance of any statutory provision.

APPEAL from the district court for Santa Fe county. The opinion states the case.

*Charles P. Clever,* for the appellants.

*R. H. Tompkins,* for the appellee.

By Court, WATERS, J.:

The complainants in this case filed their bill in chancery in the court below, setting forth that on the fourteenth of August, 1867, the defendant, John S. Hutchison, discovered a certain vein and deposit of gold, mixed with other metals and minerals, on the south slope of the San Lazaro mountains, in the county of Santa Fe. In exhibit A, which is attached and made a part of the bill, it appears that John S. Hutchison, Michael Ward, Paufino Casero,

Dolores Chaves, Bernardo Fraise, James Patterson, and Juan Chaves, to use their own language, "located as a mining claim one thousand five hundred feet, horizontal measurement," upon said lode, and "known as the Santa Fe Candelaria Lode."

It also appears that a shaft was sunk upon the discovery claim. Said exhibit further shows that said claim of one thousand five hundred feet was divided and held in severalty by the parties above stated, and each claim is separately described and assigned to the respective parties. The bill further shows that on the twenty-seventh of January, 1868, Bernardo Fraise sold to the complainants his claim on said lode for the sum of one thousand dollars, and that the complainants were induced to purchase this claim from said Bernardo Fraise on certain representations made to them by the defendant in the suit; and that afterwards said John S. Hutchison entered upon the claim purchased by complainants of said Bernardo Fraise, and was carrying therefrom large quantities of mineral, to the value of about five thousand dollars. Whereupon complainants prayed the court to enjoin said John S. Hutchison and his confederates from taking from said claims any more gold-bearing quartz until the title to the same be established in a suit then pending in the district court of the first judicial district. To this bill defendant demurred. The demurrer was sustained, and the bill dismissed.

The only question, then, to be considered in this case, is whether the court below erred in sustaining the demurrer. It will be remembered that the location of the claim in question was made and approved by the probate judge of Santa Fe county, on the seventeenth day of August, 1867, from which time Bernardo Fraise had twelve months in which to perfect his title, by sinking a shaft of not less than twenty feet in depth, as provided in section 4, Revised Statutes, p. 728.

The sale of the claim to complainants, and on which they rely for title, by reference to exhibit D, will be found to have been made on the twenty-seventh day of January, 1868, a little over five months from the date of the location of the

claim. Section 5, on the same page of the statute, provides, "that claims or locations as defined in the first, second, third, and fourth sections of the same act may be sold and transferred by the owner or owners thereof, by deeds of conveyance in the same manner as is now provided by law for the conveyance of real estate," etc. Under this section there can be no doubt as to the right of the owner of a claim to sell the same by deed when he shall have complied with the requirements of those sections. Until those sections are complied with, he has only what may be termed a contingent claim to dispose of, and if he sells the same the purchaser is required, before his claim can become valid, to comply with the requirements of said sections within the period of one year, commencing from the time the claim was located, and if he fails to comply, his right to the claim ceases to exist at the expiration of the year.

The counsel for complainants argue that the bill is good, and that this court will presume that all the requirements of the statute have been complied with on the part of Bernardo Fraise, at the time he sold the claim in question to complainants. This is not law, and this court, in the exercise of its equity jurisdiction, will not undertake to presume the performance of the statutory requirements which are conditions precedent to the acquiring of a title to mineral claims. For instance, if a man files a bill as executor, and does not state in it that he had proved the will in the proper court, the bill would be held bad on demurrer. The proving of the will is a condition precedent, and will not be presumed by courts to have been complied with; so also, the executor of a deceased person has an interest in all the personal property of his testates; but until he has proved the will he has no right to assert his right in a court of justice. So it is in every case where certain statutory requirements are conditions precedent to the full exercise of the power sought to be enforced or the thing done.

The bill should state that all the requirements of the law necessary to a complete title had been complied with. The mere statement of the location and sale to complainants by deed is not sufficient. But it is insisted that there

is equity in this bill, and it must therefore be held good, and that we shall enforce equity over the well-established rules of practice by which courts of equity are governed. We do not see anything in this bill that will justify a departure from the usual mode of obtaining equitable relief. Neither do we feel authorized in establishing a mode of practice hitherto unknown to the courts of equity.

Here we might stop, but as some other questions were raised in the course of the argument by counsel, we will notice them briefly. The first was, that the parties who located these one thousand five hundred feet on the lode was a company, and as such, but one shaft was necessary to be sunk on the entire one thousand five hundred feet. The bill does not disclose the fact that they were a company. On the contrary, the bill proper and the exhibits attached thereto, and by the complainants made a part of the bill, prove conclusively that the various claims were held in severalty by the respective claimants. The deed itself, executed by Bernardo Fraise to complainants, on its face denies the existence of a company, or partnership of any kind; for it purports to sell the very claims by number, assigned to Bernardo Fraise, at the time of the location, and by him held in his own right.

But counsel refers to the certificate of location by the probate judge of Santa Fe county, to prove that this was one claim, and that the requirements of the law had been complied with; and that such certificate was not only *prima facie*, but conclusive evidence of a full compliance with the law. The probate judge, in the discharge of this duty conferred upon him by statute, acts only in a ministerial capacity, and can not exceed the powers given him by law. Neither is his certificate conclusive evidence of a full compliance with the law. To hold that the acts of an officer acting under a positive statute in a ministerial capacity shall be conclusive evidence, is against natural justice. It is not in the power of the legislature, under our form of government, to make it conclusive as to matters which are essential to the performance of any statutory provision. This principle of law is well settled.

The questions of the representations made by defendant to complainants of the condition of the claim in question, and the entering on the claim by defendant, have nothing to do with the question before us, and are not considered.

Entertaining these views, our conclusion is that the bill is defective in not stating that all the requirements of the law had been complied with, either on the part of Bernardo Fraise or complainants, and the demurrer was properly sustained, and that the judgment of the court below should be affirmed.

The other judges concur.